IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) ) ) CIVIL ACTION NO. |
| v. | ) ) |
| RIVERWALK HOSPITALITY GROUP, LLC d/b/a MICROTEL INN SUITES | ) ) COMPLAINT ) JURY TRIAL DEMANDED |
| Defendant. | ) ) ) |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 ("Title VII") and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of race and to provide appropriate relief to Clarencinia Willis, and a class of Black employees (the "Class"), who were adversely affected by such practices at Riverwalk Hospitality Group, LLC d/b/a Microtel Inn Suites. As set forth in more detail below, the Commission alleges that Clarencinia Willis was terminated from her employment because of her race, black.

The Commission also alleges that Clarencinia Willis and the Class were unlawfully and repeatedly subjected to disparate treatment in the terms and conditions of their employment because of their race.

## JURISDICTION AND VENUE

1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. Sections 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Sections 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981A.

2. The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the District of Delaware.

## PARTIES

3. Plaintiff, Equal Employment Opportunity Commission (the "Commission"), is an agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C., Section 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant Riverwalk Hospitality Group, LLC d/b/a Microtel Inn Suites ("Defendant") has continuously been a Delaware corporation doing business in Dover, Delaware, and has continuously had at least fifteen employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. Sections 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Clarencinia Willis filed a charge with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least August 18, 2006, Defendant has engaged in unlawful employment practices at its Dover, Delaware facility in violation of Section 703(a) of Title VII, 42 U.S.C. Section 2000e-2(a). These practices include:

(a) Denying Clarencinia Willis adequate training while providing adequate training to her non-Black replacement;

(b)  Subjecting Clarencinia Willis and the Class to disparate treatment in terms and conditions of their employment in the form of unfair work assignments, heightened scrutiny and unfair discipline, and also subjecting the class to reduction in hours and demotions.

(c)  Pressuring Clarencinia Willis to make race based employment decisions; as evidenced by Defendant's owner, Ann Watkins instruction at a job fair to "make sure you hire white people", and in reviewing applications for front desk positions, stating "I wanted to make sure we have some white people."

(d)  Unlawfully terminating Clarencinia Willis, who had fourteen years hotel industry experience, based on her race and replacing her with a less qualified and less experienced, white individual, with no prior hotel experience, stating to Willis that she was "not a good fit".

8.  The effect of the practices complained of in paragraph 7 above has been to deprive Clarencinia Willis and the Class, of equal employment opportunities and otherwise adversely affect their employment status because of race.

9.  The unlawful employment practices complained of in paragraph 7 above were intentional.

10.  The unlawful employment practices complained of in paragraph 7 above were done with malice or with reckless indifference to the federally protected rights of Clarecinina Willis, and the Class.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.  Grant a permanent injunction enjoining Defendant, its officers, successors, assigns and all persons in active concert or participation with it, from engaging in employment practices which discriminate on the basis of race, in violation of Section 703(a) of Title VII, 42 U.S.C. Section 2000e-2(a).

B.  Grant a permanent injunction enjoining Defendant, its officers, successors, assigns and all persons in active concert or participation with it, from engaging in employment practices which discriminate on the basis of an employee's protected activity, in violation of Section 704(a) of Title VII, 42 U.S.C. Section 2000e-3(a).

C.  Order Defendant to institute and carry out policies, practices and programs which provide equal employment opportunities for its black employees and which eradicate the effects of Defendant's past and present unlawful employment practices.

D.  Order Defendant to make whole Clarencinia Willis, and the Class, by providing appropriate back pay with prejudgment interest in amounts to be determined at trial, an offer of rightful-place reinstatement or in the alternative front pay, and other affirmative relief necessary to eradicate the effects of Defendant's unlawful employment practices.

E.  Order Defendant to pay Clarencinia Willis, and the Class, punitive damages for its malicious and reckless conduct described in paragraph 7 above, in amounts to be determined at trial.

F.  Order Defendant to make whole Clarencinia Willis, and the Class, by providing compensation for pecuniary losses, including job search expenses.

4

    G.    Order Defendant to make whole Clarencinia Willis, and the Class, by providing compensation for non-pecuniary losses, including emotional pain, suffering, mental anguish, embarrassment, and isolation, in amounts to be proven at trial.

    H.    Grant such further relief as the Court deems necessary and proper in the public interest.

    I.    Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised in the Complaint.

Respectfully submitted,

UNITED STATES ATTORNEY
DISTRICT OF DELAWARE

COLM CONNOLLY
United States Attorney

*/s/ David C. Weiss/SMB*
DAVID C. WEISS
Asst. U.S. Attorney, Chief of Civil Division,
U.S. Dept. of Justice
1007 Orange Street, Suite 700
P.O. Box 2046
Wilmington, Delaware 19899-2046
(302) 573-6277

RONALD S. COOPER
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

Jacqueline H. McNair
Regional Attorney

Judith A. O'Boyle
Supervisory Trial Attorney

Terrence R. Cook
Supervisory Trial Attorney

Marisol Ramos
Trial Attorney
801 Market Street, Suite 1300
Philadelphia, PA 19106
TEL. (215) 440-2619
FAX. (215) 440-2848
EMAIL marisol.ramos@eeoc.gov
PR ID No. 13173